# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT PIERCE DIVISION

| | |
|---|---|
| MILES CONWAY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.** |
| v. | ) |
| | ) |
| FACEBOOK, INC. a Delaware Corporation ; | ) |
| And DOES 1-10, inclusive. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MILES CONWAY, ("Plaintiff" or "Dr. Conway") alleges as follows:

## JURISDICTION AND VENUE

1. The claims asserted herein arise under and pursuant to 15 U.S.C. §1125; the Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S. Code §1391 as Plaintiff is informed and believes that a substantial part of the events occurred in Indian River County.

## PARTIES

3. Plaintiff is an individual, and a citizen of the state of Florida, and resides in Indian River County.

4. Plaintiff is informed and believes and on that basis alleges that at all relevant times mentioned herein Defendant Facebook, Inc. ("Facebook" or "Defendant") has its principal place of business located in the State of California.

5. Plaintiff is ignorant of the true names of those Defendants herein sued as DOES 1 through 10, inclusive, and will amend this Complaint to state their true names if and when the same have been ascertained.

## GENERAL ALLEGATIONS

6. Plaintiff Miles Conway is an Economist and Management Consultant to Fortune 100 companies in the USA and globally. He is also an academic post-doctoral research fellow and the President of his local property owners association.

7. Defendant, Facebook owns the registered domain name facebook.com, and pursuant thereto, https://www.facebook.com/profile.php?id=100012777183627 (the "Fake Account"). The individual operating the Fake Account Doe 1, was actively engaging with people through their Facebook account while pretending to be Dr. Conway.

8. The Fake Account contains an unauthorized and digitally distorted photograph of Dr. Conway, and written statements impliedly written by Plaintiff himself, when in fact they are not. The Fake Account and Plaintiff's name used on the Fake Account itself, are unauthorized uses of Plaintiff's name and likeness.

9. In May of 2018, Dr. Conway began having various colleagues and members of his academic community mention "his" Facebook page to him. This was extremely troublesome to Dr. Conway since he did not, nor had he ever had a Facebook page.

10. The Fake Account had a digitally distorted picture of Dr. Conway as the profile picture, identified that he lives in Vero Beach, FL, and states under the Education section of the

profile, *"Prostitute University of Dallas – How to Sue People – Dallas, Texas"* and *"Lawyer – Bagdad, Iraq"*. In another section of the profile it is stated, *"Studied How to Sue People at Prostitute University of Dallas – Past: Lawyer"*. As Dr. Conway began to investigate this fraudulent page, he realized this was more than just a parody page. Rather, this was created by a person who not only created a fake Facebook page, but was managing it and interacting with "friends" as if he was actually Dr. Conway.

11. On or around May 24, 2018, shortly after learning about the Fake Account, Dr. Conway reported the account as an imposter account through Facebook's designated reporting method (which is an interactive webpage with fillable forms where you describe the imposter account, provide the URL link, and provide proof of your identity).

12. In subsequent weeks, several of Dr. Conway's friends "flagged" and/or reported the account to Facebook as a fraudulent and/or an imposter account.

13. On behalf of Dr. Conway, the below signed, Paul R. Berg, also reported the account on June 5, 2018, as an imposter account by sending a letter to Facebook's General Counsel, Colin Stretch. A copy of the letter Paul R. Berg sent to Facebook is attached hereto as "Exhibit A." To which Paul R. Berg received no response.

14. On or around June 11, 2018 through Facebook's designated reporting method (which is an interactive webpage with fillable forms where you describe the imposter account, provide the URL link, and provide proof of your identity) Mr. Paul R. Berg attached a copy of the letter he had sent on June 5, 2018.

15. On or around June 11, 2018, Paul R. Berg received an e-mail from Facebook stating *"It looks like you didn't attach a valid form of identification to your request. We can't verify*

*your account until you submit a copy of a valid form of ID. Please reply to this email and attach a copy of your ID."*

16. On June 13, 2018, Paul R. Berg sent Facebook a copy of his Florida Driver's License.

17. On June 21, 2018, Paul R. Berg received an email from Facebook stating *"Thanks for contacting us. It looks like we weren't able to confirm that this account belongs to you because the photo or scan that you sent us didn't match the details on your account, or the item that you sent us isn't on our ID list."*

18. On June 21, 2018, Paul R. Berg responded explaining that the account at issue is an imposter account of his client and that the imposter account needs to be taken down. A copy of Paul R. Berg's Email is attached hereto as "Exhibit B."

19. On or around June 12, 2018, a friend of Dr. Conway's, Thomas Hardy, reported to Facebook that the imposter page violated Facebook's community standards. To which he received a response that *"we reviewed the profile you reported and found that it doesn't go against our Community Standards."* However, it is clear that it goes against community standard #17

> *Misrepresentation. Authenticity is the cornerstone of our community. We believe that people are more accountable for their statements and actions when they use their authentic identities. That's why we require people to connect on Facebook using the name they go by in everyday life. Our authenticity policies are intended to create a safe environment where people can trust and hold one another accountable.*

20. On June 18, Thomas Hardy advised Facebook of their error and requested they further evaluate his complaint. A copy of Thomas Hardy's request is attached hereto as "Exhibit C." As of the date of this Complaint Facebook has not replied to Mr. Hardy or Dr. Conway.

21. Additionally, on June 21, 2018, a local law enforcement officer, Major Eric S. Flowers, of the Indian River County Sheriff's Office, contacted the records department requesting that the fictitious account be removed. A copy of Major Eric Flowers request is attached hereto as "Exhibit D."

22. To date no action has been taken by Facebook to delete or remove the Fake Account.

23. Plaintiff is informed and believes and alleges thereon that Facebook is either intentionally choosing to ignore the requests of Dr. Conway and those complaining Facebook users to remove the Fake Account, or has acted with a reckless indifference to Plaintiff's rights because to act promptly to remove the Fake Account would be against its own financial interests. In addition, Facebook negligently refused to investigate and follow their own policies and procedures regarding a prohibition of fake/imposter accounts, and/or negligently delayed in the removal of the Fake Account.

24. According to a Wall Street Journal article, Facebook's first quarter advertising revenue for 2016 was $3.3 billon. Each time one of Doe 1's "friends" views the Fake Account, advertisements appear all over the screen, which is how Facebook generates its advertising revenue adding up to over $3 billion a quarter.

## COUNT I- Negligence
## (Against Facebook)

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs l through 18 of this Complaint and reiterates the same, as though fully set forth herein.

26. Facebook has a series of posted policies regarding imposter/fake accounts and a designated method for having these accounts removed, which Dr. Conway followed (on

multiple occasions). In addition, Dr. Conway notified Facebook of the specific and unique harm he was suffering as a result of the Fake Account.

27. Despite these notices, and their own stated policies, Facebook negligently failed to investigate Dr. Conway's multiple notices of the existence of the Fake Account. Upon receiving Dr. Conway's identification on more than one occasion, Facebook knew, or should have known, that the Fake Account was an imposter account and Facebook knowingly allowed it to continue to operate.

28. Facebook is negligent and careless in the failure to removing the Fake Account, and as a result of Facebook's conduct Dr. Conway was forced to hire an attorney and file an action to have the Fake Account removed.

29. As a further result of Facebook's conduct, Dr. Conway has suffered, and continues to suffer economic damages in that his reputation has been damaged.

30. Unless Defendants are preliminarily and permanently enjoined from hosting the Fake Account on Facebook, Plaintiff will be irreparably harmed in a manner in which he cannot be adequately compensated in money damages. Plaintiff accordingly also seeks injunctive relief against Defendants.

## COUNT II- 43(a) of Lanham Act False Designation of Origin
## (Against Facebook and Doe 1)

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs l through 23 of this Complaint and reiterates the same, as though fully set forth herein.

32. As described above, Defendants have used Plaintiff's name and persona by advertising and representing that the Fake Account belonged to Dr. Conway, when in fact, it did not.

Such use has caused confusion to the origin, sponsorship and approval of the Fake Account by the general public.

33. As alleged above, Facebook was put on notice that the public would be likely confused as to the source or sponsorship of the Fake Account, yet Facebook continues to supply the means of infringement, despite their obvious means of control over the Fake Account.

34. In addition, Facebook has, with knowledge, induced, caused or materially contributed to the infringing conduct of Doe 1, by unreasonably delaying in removing the Fake Account despite notification of its existence and the harm that was occurring.

35. Defendants' actions as described herein are in direct violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125).

36. As a direct and proximate result of Defendants' actions as stated herein, Dr. Conway has suffered significant emotional distress and damage to his reputation. Further, Plaintiff is entitled to enhanced damages as a result of Defendants' malicious actions described above.

37. The acts of Defendants are believed to be willful and accordingly, Plaintiff is entitled to receive treble damages as a result of Defendants' actions. Similarly, this is an exceptional case, warranting an award of attorneys' fees to Plaintiff in an amount to be proven at trial.

38. As a direct and proximate result of said wrongful conduct by Defendants, Plaintiff has suffered damages in an amount to be proven at trial.

39. Unless Defendants are preliminarily and permanently enjoined from hosting the Fake Account on Facebook, Plaintiff will be irreparably harmed in a manner in which he cannot be adequately compensated in money damages. Plaintiff accordingly also seeks injunctive relief against Defendants.

## COUNT III- Unauthorized Publication of Name or Likeness

### (Against Doe 1)

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs l through 23 of this Complaint and reiterates the same, as though fully set forth herein.

41. Defendant Doe 1 published, printed displayed or otherwise publically used for purposes of trade or for any commercial or advertising purpose the name, portrait, digitally distorted photograph, or other likeness of Plaintiff without his express written or oral consent.

42. As a direct and proximate result of said wrongful conduct by Defendants, Plaintiff has suffered damages in an amount to be proven at trial.

43. Unless Defendants are preliminarily and permanently enjoined from hosting the Fake Account on Facebook, Plaintiff will be irreparably harmed in a manner in which he cannot be adequately compensated in money damages. Plaintiff accordingly also seeks injunctive relief against Defendants.

## Count IV- Violation of the Civil Remedies For Criminal Practices Act

### (Against Doe 1)

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs l through 23 of this Complaint and reiterates the same, as though fully set forth herein.

45. This is an action for civil remedies for criminal practices, Fla. Stat. § 772.101 et seq.

46. This is an action for "threefold the actual damages sustained…and reasonable attorney's fees and court costs…" as provided by Fl. Stat. § 772.104 and 772.11.

47. Defendant directly engaged criminal activity as defined by Fla. Stat. § 772.102(22) and detailed and specified, below.

48. Violation of Fla. Stat. § 817.568 "the criminal use of personal information" is one of the enumerated qualifying offenses constituting "criminal activity" listed in the Civil Remedies for Criminal Practices Act under Fla. Stat. Ch. 772 et seq.

49. Doe 1 willfully and without authorization fraudulently used Plaintiff's personal identification information including but not limited to his name, without first obtaining Plaintiff's consent.

50. As a direct and proximate result of said wrongful conduct by Defendant, Plaintiff has suffered damages in an amount to be proven at trial.

51. Unless Defendants are preliminarily and permanently enjoined from hosting the Fake Account on Facebook, Plaintiff will be irreparably harmed in a manner in which he cannot be adequately compensated in money damages. Plaintiff accordingly also seeks injunctive relief against Defendants.

WHEREFORE, Dr. Conway seeks the following determination:

1. For special, consequential and general damages in an amount to be established at trial but believed to be no less than the jurisdictional amount in principal, together with allowable interest thereon at the maximum legal rate.

2. For costs of suit and attorneys' fees to the extent recoverable by law and herein incurred;

3. For an injunction preventing the Fake Account from being hosted on facebook.com;

4. For an injunction prohibiting Doe 1 from holding himself or herself out to be Plaintiff;

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated this ___ day of August, 2018

                                         Respectfully submitted,

                                         VOCELLE & BERG, LLP
                                         Attorneys for Plaintiff
                                         3333 20th Street
                                         Vero Beach, FL 32960-2469
                                         (772) 562-8111/Fax (772) 562-2870
                                         Email: PBerg@vocelleberg.com
                                                        AMcGee@vocelleberg.com
                                                        Courtdocs@vocelleberg.com
                                                        JGraney@vocelleberg.com

                                    By:  **s/ Paul R. Berg**
                                           Paul R. Berg
                                           FL Bar No. 901172
                                           Alexandra M. McGee
                                           FL Bar No. 121595